WHIPPLE, J.
dissenting.
_JjAs the majority correctly notes, a trial court’s erroneous ruling which deprives a defendant of a peremptory challenge substantially violates that defendant’s rights. See State v. Robertson, 92-2660 (La.1/14/94), 630 So.2d 1278, 1280-1281. However, a trial judge has broad discretion in ruling on challenges for cause. Moreover, a refusal by a trial judge to excuse a prospective juror on the ground that she is not impartial is not an abuse of discretion where, as here, after further inquiry and instruction, she had demonstrated a willingness and ability to decide the case impartially according to the law and the evidence. See State v. Copeland, 530 So.2d 526, 534, (La.1988), cert. denied, 489 U.S. 1091, 109 S.Ct. 1558, 103 L.Ed.2d 860 (1989).
In my view, the juror’s responses, considered in their entirety, demonstrated the juror’s willingness to follow the law and ultimately showed her ability to be fair and impartial. Accordingly, I respectfully dissent from the majority’s decision to reverse conviction and remand for a new trial.